UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | Crim. No. 3:19-cr-153 (AWT) |
| v. | : | |
| | : | |
| JORDAN RODOFSKY, | : | |
| Defendant. | : | |
| | : | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

For the reasons set forth below, the defendant's Emergency Motion for Compassionate Release Under the First Step Act (ECF No. 96) is hereby DENIED.

The defendant pled guilty to a one-count information which charged him with possession with intent to distribute and distribution of oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On January 13, 2020, the court sentenced the defendant to, inter alia, a term of 24 months of incarceration. The defendant surrendered to serve the sentence on March 12, 2020 and his release date is currently projected to be November 22, 2021. He is being held at the camp at USP Lewisburg, in Lewisburg, Pennsylvania.

Between May 2018 and September 2018 the defendant sold and attempted to sell, in the midst of a national opioid epidemic, large quantities of oxycodone pills to a law enforcement confidential source, having first acquired them from his own source(s) of supply. The defendant sold oxycodone pills to supplement his income (not to support his own drug addiction) at a time when he was receiving disability benefits and additional support in the form of Section 8

housing.  At sentencing the court concluded that the defendant's case is one where the purposes of sentencing that most need to be served are providing just punishment for the defendant's offense conduct and reflecting the seriousness of the offense.

The defendant's medical records reflect that he has a number of medical conditions that place him at high risk of severe complications should he contract COVID-19, and people are continuing to test positive around the country, including in Pennsylvania.  The CDC recommends that high risk people like the defendant take specific steps to avoid infection, such as cleaning their hands often, avoiding close contact with others, and cleaning and disinfecting surfaces regularly.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/what-you-can-do.html (last visited June 5, 2020).  It will be much more difficult (if not impossible) for the defendant to control his environment in this way while in prison than it would be were he released and on home confinement.  Thus, in light of the extraordinary nature of the coronavirus pandemic, the defendant has identified extraordinary reasons to reduce his term of imprisonment.

However, the court must find that extraordinary and compelling reasons warrant a reduction of the term of imprisonment only after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.  After considering the applicable § 3553(a) factors, the court concludes that the defendant fails to present compelling reasons for reduction of his sentence.  At sentencing the court concluded that it was important that the sentence imposed constitute just punishment for the defendant's offense conduct and also that it reflect the seriousness of the offense.  The defendant started serving his 24-month sentence on March 12, 2020, i.e., less than three months ago, and his projected release date is November 22, 2021.  Reducing his sentence to time served would seriously undermine the goals of sentencing given

priority by the court in this case.  Moreover, the defendant's situation is less than compelling because to date, USP Lewisburg, which has 228 inmates in the camp and 1388 inmates in the penitentiary, has no confirmed COVID-19 cases.  The government's memorandum reports that "one inmate contracted COVID-19, but was not at the facility when he contracted it and has not been back.  Likewise, a staff member on a temporary duty assignment to another facility contracted COVID-19, and was quarantined off-site."  Gov't's Response (ECF No. 100) at fn. 7. Thus the defendant is housed at a BOP facility that appears to be managing well the risk of exposure to the COVID-19.

It is so ordered.

Signed this 8th day of June 2020 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge